# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

Case No. 2:25-cv-00628-DAK-JCB

FILED
2025 SEP 22 AM 10:20
CLERK
U.S. DISTRICT COURT

ANAÏSE-MILILANI MATAGI, Trustee/Fiduciary
ALMT Asset Management LLC (Unincorporated)
Plaintiff,

v.

OREM CITY CORPORATION, REED PARKIN, ALISSA LEON, HYRUM MILLER, KATHY LEHRER, BRENN BYBEE, SCOTT WHITTAKER, CALIFORNIA STATE TREASURER, CALIFORNIA VITAL RECORDS, FEDERAL RESERVE BANK – SLC BRANCH, DTCC, et al.
Defendants.

## NOTICE OF PROCEDURAL & COMMERCIAL DEFAULT

Plaintiff hereby gives notice that the above-captioned defendants are in procedural and commercial default.

1. Proof of service is of record:
- Doc. 53 (PS Form 3877 proof of mailing, Orem Defendants).
- Doc. 57 (PS Form 3877 proof of mailing, California and federal defendants).
- Doc. 73 (Errata with corrected PS Form 3877, re-asserted herein with unstamped version attached, but with correct certified mail numbers and associated ps form 3877, 3811 were to be submitted when received).

2. Defendants were required to answer or move under Rule 12(b) within 21 days. Deadlines expired on September 12, 2025 (Utah actors) and September 16, 2025 (California state offices, private entities).

3. No answers, no Rule 12(b) motions, no Rule 6(b) extension requests, and no bonds (Doc. 66) were filed.

Service Objection Waiver
Defendants California State Treasurer, California Department of Public Health Vital Records, and Depository Trust Clearing Corporation (DTCC) were served on August 22, 2025, with proof of mailing entered into the record as Doc. 53 and Doc. 57. Their deadline to answer or move was September 16, 2025, pursuant to Rule 12(a)(1)(A)(i). Any objection to service under Rule 12(b)(5) had to be raised by that date, supported by actual PROOF (sworn declaration,

affidavit, or admissible evidence).

No such proof was filed. Defendants' only filing was a last-day motion to dismiss (Doc. 68), which contains bare allegations and no evidence. By operation of Rule 12(h)(1), the defense of insufficient service is waived. Defendants are therefore in procedural default and commercially estopped, and no further filings may cure.

4. By operation of law and commercial record, these defendants are estopped from further participation. Default judgment must be entered consistent with Plaintiff's Motion (Doc. 72).

Respectfully submitted,

/s/ Anaise-Mililani Matagi
Trustee/Fiduciary – ALMT Asset Management LLC (Unincorporated)

Submitted: Sept. 21, 2025