THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANAISE MILILANI MATAGI, Trustee/Fiduciary, ALMT ASSET MANAGEMENT LLC, | ORDER |
| Plaintiff, | Case No. 2:25-cv-00628-DAK-JCB |
| v. | |
| SCOTT WHITTAKER, Director, Utah UCC Office; et al., | District Judge Dale A. Kimball |
| Defendants. | Magistrate Judge Jared C. Bennett |

INTRODUCTION[1]

Pro se Plaintiff Anaise Mililani Matagi ("Ms. Matagi") has filed numerous motions asking the court for various forms of relief.[2] The court addresses her requests in those motions below, grouping them together where appropriate.

ANALYSIS

I. Requests for Entry of Default and Default Judgment

Ms. Matagi has filed numerous motions requesting entry of default and default judgment against the named Defendants. The court denies those requests because Ms. Matagi is not entitled to either form of relief. She is not entitled to entry of default against any of the named

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 21.

[2] ECF Nos. 72, 82, 83, 96, 98, 102, 105, 107, 121, 127, 128.

Defendants because she has not filed anything indicating that she has served any of the named Defendants properly under Fed. R. Civ. P. 4, which is a prerequisite for entry of default.[3] Without entry of default, Ms. Matagi cannot obtain a default judgment.[4] Thus, the court denies Ms. Matagi's requests for entry of default and default judgment.

## II.     Requests for Judicial Notice

Ms. Matagi has filed several motions requesting that the court take judicial notice of certain documents. The court denies those requests because Ms. Matagi fails to show that judicial notice is appropriate. Fed. R. Evid. 201(b) allows a court to "judicially notice a fact that is not subject to reasonable dispute." Such facts are those that are "generally known within the trial court's territorial jurisdiction,"[5] or those that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[6] Ms. Matagi fails to demonstrate—or even argue—that the relevant documents satisfy either of those requirements. Further, even if she had demonstrated those requirements, she does not attempt to show how the documents are

---

[3] *Petersen v. Carbon Cnty.*, 156 F.3d 1244 (Table), 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998) ("As defendants have no duty to plead until properly served, entry of default prior to service is improper."); *Tanne v. Comm'r of Internal Revenue Serv.*, No. 2:15-CV-00296-RJS, 2016 WL 5173243, at *3 (D. Utah Sept. 21, 2016) ("The court may not enter default against a party that has not been properly served."); *Life Ins. Co. of N. Am. v. Jenkins-Dyer*, No. 08-CV-2129KHV, 2009 WL 297481, at *4 (D. Kan. Feb. 6, 2009) ("The party seeking entry of default must show that the party against whom default is sought has been properly served.").

[4] Fed. R. Civ. P. 55.

[5] Fed. R. Evid. 201(b)(1).

[6] Fed. R. Evid. 201(b)(2).

relevant to this case, which is fatal to her requests for judicial notice.[7] Accordingly, those requests are denied.

### III. Motion to Reconsider

Ms. Matagi moves the court to reconsider the Clerk of Court's denial of her motion for entry of default against certain named Defendants. The court denies that motion because Ms. Matagi fails to show that reconsideration is appropriate. Appropriate grounds for a motion to reconsider "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[8] "A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision . . . ."[9]

Ms. Matagi not only fails to cite those grounds for reconsideration, but she also fails to present any arguments showing that any one of those grounds is satisfied. Although she clearly disagrees with the Clerk of Court's decision, that is not a basis for reconsideration. Therefore, the court denies Ms. Matagi's motion to reconsider.

---

[7] *United States v. A & R Prods.*, No. 01-CV-0072 MV/WPL, 2014 WL 12787914, at *2 (D.N.M. Sept. 3, 2014) ("The [movants'] failure to explain the relevance of these documents to the issues at bar renders them inappropriate for judicial notice."); *Magnusson v. Ocwen Loan Servicing, LLC*, No. 2:14-CV-00161, 2014 WL 3881626, at *2 (D. Utah Aug. 7, 2014) ("Judicial notice applies only to documents that are relevant to the case currently before the court.").

[8] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation modified).

[9] *SCO Grp., Inc. v. Novell, Inc.*, No. 2:04CV139DAK, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007); *see also Lacefield v. Big Planet*, No. 2:06-CV-844 DB, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) ("[A] party seeking reconsideration must show more than a disagreement with the Court's decision . . . ." (citation modified)).

### IV. "PMSI-Secured Creditor Enforcement Motion"

Ms. Matagi filed her "PMSI-Secured Creditor Enforcement Motion," which she asserts supersedes a previously filed motion.[10] The court denies the "PMSI-Secured Creditor Enforcement Motion" because it is unclear what type of relief the motion seeks. In fact, Ms. Matagi's motion is unintelligible. Therefore, the court denies the motion.[11]

### V. "Motion to Grant as Unopposed"

Ms. Matagi filed her "Motion to Grant as Unopposed," in which she requests that a "previously filed motion" be granted because no response to it was filed.[12] However, Ms. Matagi fails to identify which motion she claims is unopposed. Further, there is no provision in Federal Rules of Civil Procedure or this court's local rules for a motion to grant another motion. Because the relief requested in the motion is unclear, and because the motion is procedurally improper, the court denies the motion.

### VI. "Motion to Compel Judicial Action"

Ms. Matagi's "Motion to Compel Judicial Action" asks the court to rule on certain of her pending motions addressed in this order. Because this order grants the relief Ms. Matagi requests—namely, ruling on her pending motions—her motion is denied as moot.

---

[10] ECF No. 121 at 1 (stating that ECF No. 121 is "SUPERSEDING PRIOR DOC 114"). Given Ms. Matagi's representation, the court does not consider ECF No. 114.

[11] *See, e.g.*, *New Mexico v. Robinson*, No. 13-cv-1308, 2013 WL 12329154, at *2 (D.N.M. Oct. 29, 2013) (striking motions for being unintelligible).

[12] ECF No. 128 at 1.

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. Ms. Matagi's motions requesting entry of default, default judgment, and judicial notice[13] are DENIED.

2. Ms. Matagi's motion to reconsider the Clerk of Court's denial of Ms. Matagi's motion for entry of default[14] is DENIED.

3. Ms. Matagi's "PMSI-Secured Creditor Enforcement Motion"[15] is DENIED.

4. Ms. Matagi's "Motion to Grant as Unopposed"[16] is DENIED.

5. Ms. Matagi's "Motion to Compel Judicial Action"[17] is DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 11th day of February 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[13] ECF Nos. 72, 83, 96, 98, 102, 105, 127.
[14] ECF No. 82.
[15] ECF No. 121.
[16] ECF No. 128.
[17] ECF No. 107.