THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANAISE MILILANI MATAGI, Trustee/Fiduciary, ALMT ASSET MANAGEMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT WHITTAKER, Director, Utah UCC Office; et al., <br><br> Defendants. | REPORT AND RECOMMENDATION <br><br><br> Case No. 2:25-cv-00628-DAK-JCB <br><br><br><br> District Judge Dale A. Kimball <br><br> Magistrate Judge Jared C. Bennett |

INTRODUCTION[1]

Pro se Plaintiff Anaise Mililani Matagi ("Ms. Matagi") initiated this case on July 30, 2025, against Defendants: (1) City of Orem, Utah employees Brenn Bybee, Alissa Leon, Hyrum Miller, Kathy Lehrer, and Reed Parkin (collectively, "Orem Defendants"); and (2) Utah Division of Corporations and Commercial Code employee Scott Whittaker.[2] In her original complaint, Ms. Matagi asserts federal-question jurisdiction under 28 U.S.C. § 1331.[3] The original complaint is difficult to decipher and contains very few allegations, but it appears to stem from Utah state court proceedings involving a trust of which Ms. Matagi is the trustee.[4] Ms. Matagi alleges that

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 21.

[2] ECF No. 1.

[3] *Id*. at 1 of 8.

[4] *See generally id*.

she "submitted a UCC-1 Filing Statement . . . , which was improperly denied."[5] Ms. Matagi then "submitted tort claims and supporting affidavits" to the Utah Fourth Judicial District Court.[6] Ms. Matagi later "perfected her enforcement by filing a UCC-3, Certificate of Default," an "Affidavit of Correction," and "recorder records of both Utah and Pima counties" with the Utah Fourth Judicial District Court.[7] Ms. Matagi alleges that "[a]ll named defendants failed to cure, rebut, or acknowledge lawful filings" and that "[t]heir silence constitutes dishonor and administrative default."[8] Ms. Matagi further alleges she submitted "[a] Final Notice of Enforcement and Entry of Default" to the Utah Fourth Judicial District Court.[9] Based on those allegations, Ms. Matagi asks the court to issue a "Writ of Mandamus compelling" the named Defendants "to execute all ministerial, recording, and disclosure obligations," including requiring them to: (1) "[r]ecord and accept [Ms. Matagi]'s UCC filings per Utah law and UCC Article 9"; (2) "[a]cknowledge default and fiduciary authority over trust-registered property"; (3) "[p]rovide full bond, surety, and fiduciary disclosures required under law"; and (4) "[r]emove all legal obstacles to [Ms. Matagi]'s use and claim of property filed into trust."[10] Ms. Matagi also seeks "[a] Declaratory Judgment affirming [her] perfected standing and trust authority."[11]

---

[5] *Id*. at 3 of 8.

[6] *Id*.

[7] *Id*.

[8] *Id*.

[9] *Id*.

[10] *Id*. at 3-4 of 8.

[11] *Id*. at 4 of 8.

Ms. Matagi amended her complaint on August 12, 2025,[12] adding the following Defendants: (1) Utah Division of Corporations and Commercial Code employee Adam Watson (together with Defendant Scott Whittaker, "UDCCC Defendants"); (2) California State Treasurer's Office ("CSTO")[13] and California Department of Public Health ("CDPH")[14] (collectively, "California Defendants); (3) Department of the Treasury; (4) Internal Revenue Service; (5) Social Security Administration; (6) Securities and Exchange Commission; (7) Bureau of Fiscal Service[15] (Defendants (3)-(7) collectively, "Federal Defendants"); (8) Federal Reserve Bank of San Francisco; and (9) Depository Trust & Clearing Corporation. Ms. Matagi asserts jurisdiction under 28 U.S.C. §§ 1331, 1361, and 2201.[16] Like the original complaint, the amended complaint contains scant factual allegations. Ms. Matagi alleges that her "forensic audit identified systemic fiduciary breaches" by the newly added Defendants and that she issued "lawful demands and default notices" and received "no lawful rebuttal."[17] Ms. Matagi further alleges that the "newly added Defendants are custodians, clearinghouses, treasuries, and regulatory bodies with direct legal and fiduciary obligations tied to [her] trust assets and estate administration." Based upon those few allegations, Ms. Matagi requests the following relief:

---

[12] ECF No. 5.

[13] Ms. Matagi's amended complaint names the California State Treasurer as a Defendant, but the proper entity is the California State Treasurer's Office. ECF No. 77 at 8 of 23 n.1.

[14] Ms. Matagi's amended complaint names California Vital Records as a Defendant, but the proper entity is the California Department of Public Health. *Id.*

[15] Ms. Matagi added the Bureau of Fiscal Service as a Defendant through an errata to her amended complaint. ECF No. 19.

[16] ECF No. 5 at 2 of 4.

[17] *Id.* at 3 of 4.

(1) "[m]andamus compelling performance of all fiduciary and statutory obligations";

(2) "[d]eclaratory judgment affirming [her] fiduciary rights and ownership over all trust assets";

(3) "[d]amages exceeding $7.2B, plus accruals per trust fee schedule"; and (4) "[i]njunctive relief prohibiting further withholding or impairment of trust assets" because, according to Ms. Matagi, the "[t]rust superseeds [sic] any government entity, statue [sic], rules or codes by any STATE."[18]

With respect to service of the amended complaint, Ms. Matagi has obtained numerous court-issued summonses for the named Defendants.[19] She has also filed documents indicating that she served the named Defendants with a summons and the amended complaint by sending them herself through U.S. Mail and/or email.[20] However, Ms. Matagi has not filed any documents indicating that she served any of the named Defendants properly under Fed. R. Civ. P. 4.

Two days after amending her complaint, Ms. Matagi moved for entry of default judgment against all the newly added Defendants and for a temporary restraining order "preventing [the Social Security Administration] from proceeding with any disability review of [Ms. Matagi] or trust beneficiaries."[21] Just over a week later, Ms. Matagi moved the court to take judicial notice of certain documents, for entry of default against all named Defendants, and for a temporary restraining order "against all Defendants to prevent further retaliation, dishonor, and fiduciary

---

[18] *Id.*

[19] ECF Nos. 9-15, 27, 29-52.

[20] ECF Nos. 53, 56-1, 62,

[21] ECF No. 8 at 3 of 3.

harm."[22] Two days later, Ms. Matagi again moved the court to take judicial notice of certain documents and for an emergency temporary restraining order prohibiting certain named Defendants from undertaking any "retaliation, dishonor, harassment, or interference."[23] The California Defendants subsequently filed a motion to dismiss,[24] which was followed by motions to dismiss from the UDCCC Defendants[25] and the Orem Defendants.[26] Each motion requests, among other things, that the court dismiss Ms. Matagi's claims for lack subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## ANALYSIS

For the reasons explained in order below, the court should: (I) grant the motions to dismiss filed by the California Defendants, the UDCC Defendants, and the Orem Defendants; (II) dismiss Ms. Matagi's claims against the Federal Defendants sua sponte based upon her failure to allege any waiver of sovereign immunity; and (III) deny Ms. Matagi's motions.

### I. The Court Should Grant the Motions To Dismiss Filed by the California Defendants, the UDCC Defendants, and the Orem Defendants.

The court recommends granting the motions to dismiss filed by the California Defendants, the UDCC Defendants, and the Orem Defendants because the court lacks subject-matter jurisdiction over Ms. Matagi's claims against them.[27] Under Rule 12(b)(1), this

---

[22] ECF No. 56 at 4 of 10.

[23] ECF No. 58 at 3 of 15.

[24] ECF No. 77.

[25] ECF No. 100.

[26] ECF No. 113.

[27] Because the court concludes that subject-matter jurisdiction is lacking over Ms. Matagi's claims against the California Defendants, the UDCCC Defendants, and the Orem Defendants, the

court should "presume no jurisdiction exists,"[28] and the burden of establishing jurisdiction "rests upon the party asserting jurisdiction."[29] To establish jurisdiction, a plaintiff "must allege in [her] pleading the facts essential to show jurisdiction, and must support those facts by competent proof."[30]

> A motion to dismiss for lack of subject[-]matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may take one of two forms. A facial attack looks only to the factual allegations of the complaint in challenging the court's jurisdiction. A factual attack, on the other hand, goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction.[31]

Because the California Defendants, the UDCCC Defendants, and the Orem Defendants each make a facial attack, the court "must accept the allegations in the complaint as true."[32]

As shown below, the court lacks subject-matter jurisdiction over Ms. Matagi's claims against: (A) the California Defendants; (2) the UDCCC Defendants; and (3) the Orem

---

court does not reach their merit-based arguments in support of dismissal. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) (declining to endorse "the position embraced by several Courts of Appeals, which find it proper to proceed immediately to the merits question, despite jurisdictional objections, at least where (1) the merits question is more readily resolved, and (2) the prevailing party on the merits would be the same as the prevailing party were jurisdiction denied" because "[w]ithout jurisdiction the court cannot proceed at all in any cause . . . , and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause" (citation modified)).

[28] *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 551 (10th Cir. 1992).

[29] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[30] *Koch Indus., Inc.*, 971 F.2d at 551 (citation modified).

[31] *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012) (citation modified); *see also Nicholson v. Bessent*, No. 1:24-CV-00090, 2025 WL 895079, at *1 (D. Utah Mar. 24, 2025).

[32] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

Defendants. Therefore, their motions to dismiss should be granted, and Ms. Matagi's claims against them should be dismissed without prejudice.

A. California Defendants

The California Defendants are entitled to Eleventh Amendment immunity from Ms. Matagi's claims, which requires dismissal without prejudice for lack of subject-matter jurisdiction.[33] "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court."[34] "To assert Eleventh Amendment immunity, a defendant must qualify as a state or an arm of a state."[35] The Eleventh Amendment bars claims for monetary damages and declaratory relief for past actions when those claims are asserted against a state or an arm of a state.[36] An effective assertion of Eleventh Amendment immunity deprives a court of subject-matter jurisdiction.[37]

With respect to the limited exceptions noted above, the United States Court of Appeals for the Tenth Circuit has "recognized two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's

---

[33] *Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) (providing that "[b]ecause Eleventh Amendment immunity is jurisdictional," the dismissal of any claims based upon such immunity must be without prejudice).

[34] *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002); *see also Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009) ("The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state.").

[35] *Ruiz*, 299 F.3d at 1180 (citation modified).

[36] *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004).

[37] *Harris v. Owens*, 264 F.3d 1282, 1288 (10th Cir. 2001).

Eleventh Amendment immunity. A state may also waive its Eleventh Amendment immunity and consent to be sued."[38]

The California Defendants are each unquestionably arms of the State of California for purposes of the Eleventh Amendment and, thus, are entitled to assert Eleventh Amendment immunity. The United States Supreme Court has held that the CSTO qualifies for Eleventh Amendment immunity,[39] and the Tenth Circuit has held that state departments of health and agencies, like CDPH, are too.[40]

Additionally, neither primary exception to the application of Eleventh Amendment immunity applies here. The first exception does not apply because none of Ms. Matagi's claims implicates a federal statute—even though she asserts federal-question jurisdiction under 28 U.S.C. § 1331—which means that Congress could not have abrogated the State of California's Eleventh Amendment immunity for Ms. Matagi's claims. The second exception is likewise inapplicable because the State of California has not waived its Eleventh Amendment immunity.[41] Therefore, Ms. Matagi's claims against the California Defendants are barred by the Eleventh

---

[38] *Ruiz*, 299 F.3d at 1181 (citation modified).

[39] *Smith v. Reeves*, 178 U.S. 436, 449 (1900) (concluding that the California State Treasurer was entitled to Eleventh Amendment immunity).

[40] *Reames v. Oklahoma ex rel. OK Health Care Auth.*, 411 F.3d 1164, 1168 (10th Cir. 2005) (concluding that the Oklahoma Department of Human Services and the Oklahoma Health Care Authority qualified for Eleventh Amendment immunity).

[41] *Shaw v. State of California Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 603-04 (9th Cir. 1986) ("California has not waived its Eleventh Amendment immunity . . . .").

Amendment, and Ms. Matagi's claims against them should be dismissed without prejudice for lack of subject-matter jurisdiction.[42]

## B. UDCCC Defendants

The court lacks subject-matter jurisdiction over Ms. Matagi's claims against the UDCCC Defendants because she failed to comply with the notice requirements of the Governmental Immunity Act of Utah ("GIAU").[43] The GIAU provides:

> Any person having a claim against a governmental entity, or against the governmental entity's employee for an act or omission occurring during the performance of the employee's duties, within the scope of employment, or under color of authority shall file a written notice of claim with the entity *before maintaining an action*, regardless of whether or not the function giving rise to the claim is characterized as governmental.[44]

"'[T]he notice of claim provisions of the [GIAU] are jurisdictional.'"[45] Thus, "[a] plaintiff's failure to comply with notice requirements divests a court of subject-matter jurisdiction over the

---

[42] There is an additional, limited exception to Eleventh Amendment immunity, which is known as the *Ex parte Young* exception. 209 U.S. 123, 156-60 (1908). It permits a plaintiff to seek prospective injunctive relief for an ongoing violation of federal law in a suit against a state official acting in his or her official capacity. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (providing that "official-capacity actions for prospective relief are not treated as actions against the State" for purposes of Eleventh Amendment immunity); *Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998) ("[A] suit against a state official in his or her official capacity seeking prospective injunctive relief is not considered a suit against the state for Eleventh Amendment purposes."). That exception cannot apply to here because it "applies only to individual defendants," *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214 (10th Cir. 2019), and "has no application in suits against the States and their agencies." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

[43] It appears that the UDCCC Defendants would also be entitled to assert Eleventh Amendment immunity, but because they do not raise that argument, the court does not address it here.

[44] Utah Code Ann. § 63G-7-401(3) (emphasis added).

[45] *Ute Indian Tribe of Uintah & Ouray Indian Rsrv. v. Ure*, 737 F. Supp. 3d 1183, 1219 (D. Utah 2024) (quoting *Thomas v. Lewis*, 26 P.3d 217, 221 (Utah 2001)); *see also David v. Midway City*,

claim."[46] "The Utah Supreme Court has 'consistently required strict compliance with the requirements of the GIAU. Actual notice does not cure a party's failure to meet these requirements.'"[47]

      Ms. Matagi does not dispute that she failed to file the required notice of claim under the GIAU before initiating this case, despite the fact that her claims against the UDCCC Defendants—both of whom are employees of the State of Utah—relate to conduct they undertook during the performance of their duties and within the scope of their employment. Ms. Matagi's failure to file a notice of claim under GIAU deprives this court of subject-matter jurisdiction over her claims against the UDCCC Defendants. Therefore, the UDCCC Defendants' motion to dismiss should be granted, and Ms. Matagi's claims against them should be dismissed without prejudice.

---

No. 2:20-CV-00066-DBP, 2021 WL 6927739, at *9 (D. Utah Dec. 14, 2021) ("'Filing a proper notice of claim is a jurisdictional prerequisite to any action against a governmental entity in the district court.'" (quoting *Anderson v. Eyre*, 353 P.3d 170, 171 (Utah Ct. App. 2015))).

[46] *Scott v. Conley*, No. 2:15-CV-00371-DN-PMW, 2016 WL 4257507, at *7 (D. Utah July 18, 2016), *report and recommendation adopted*, 2:15-CV-371-DN-PMW, 2016 WL 4257339 (D. Utah Aug. 11, 2016); *see also Myers v. St. George Police Dep't,*, No. 4:20-CV-00113-DN-PK, 2021 WL 4150888, at *5 (D. Utah Sept. 13, 2021) ("Compliance with the [GIAU's] notice of claim requirement is a prerequisite to vesting a district court with subject[-]matter jurisdiction over claims against governmental entities and employees of governmental entities." (citation modified)); *Wallace v. Grey*, No. 2:08-CV-311 TS, 2009 WL 249461, at *3 (D. Utah Feb. 2, 2009) ("Failure to comply with the requirements of GIAU deprives this [c]ourt of subject[-]matter jurisdiction." (citing *Rushton v. Salt Lake Cnty.*, 977 P.2d 1201, 1203 (Utah 1999))).

[47] *Wallace,* No. 2009 WL 249461, at *9 (quoting *Rushton*, 977 P.2d at 1203) (citation modified); *see also Scott*, 2016 WL 4257507, at 7 (stating that "'[s]trict' compliance with notice provision is required" (quoting *Wheeler v. McPherson*, 40 P.3d 632, 635 (Utah 2002))).

C. <u>Orem Defendants</u>

Because Ms. Matagi fails to establish any basis for subject-matter jurisdiction for her claims against the Orem Defendants, those claims should be dismissed without prejudice. Ms. Matagi alleges that this court has jurisdiction under 28 U.S.C. §§ 1331, 1361, 2201. As shown below, all three statutes do not confer subject-matter jurisdiction on this court.

First, Ms. Matagi fails to adequately allege federal-question jurisdiction under 28 U.S.C. § 1331. Federal-question jurisdiction is provided to the federal district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States."[48] For federal-question jurisdiction to exist,

> two conditions must be satisfied. First, a question of federal law must appear on the face of plaintiff's well-pleaded complaint. Second, plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, its resolution must necessarily turn on a substantial question of federal law.[49]

Although Ms. Matagi relies upon federal question jurisdiction in her amended complaint, she fails to assert any claims arising under federal law. Instead, she appears to assert state-law tort claims and claims under the Utah Uniform Commercial Code. Further, Ms. Matagi does not allege that the resolution of those state-law claims turns on a substantial question of federal law. Accordingly, Mr. Matagi fails to adequately allege federal-question jurisdiction.

Second, Ms. Matagi's reliance on 28 U.S.C. § 1361 is misplaced because that provision provides federal district courts with jurisdiction over "any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed

---

[48] 28 U.S.C. § 1331.
[49] *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (citation modified).

to the plaintiff."[50] Because Ms. Matagi alleges that all the Orem Defendants are city officials or employees, 28 U.S.C. § 1361 cannot confer jurisdiction over her claims against them.

Finally, Ms. Matagi's assertion of jurisdiction under 28 U.S.C. § 2201 is unavailing because that statute—which allows a court to "declare the rights and other legal relations of any interested party seeking [a] declaration"—does not expand this court's jurisdiction.[51] Instead, it provides this court with the authority to issue declaratory relief when this court already has jurisdiction from an independent source. Therefore, Ms. Matagi's reliance on 28 U.S.C. § 2201 does not demonstrate this court's jurisdiction over her claims against the Orem Defendants. Consequently, the Orem Defendants' motion to dismiss should be granted, and Ms. Matagi's claims against them should be dismissed without prejudice.

## II.  The Court Should Dismiss Ms. Matagi's Claims Against the Federal Defendants Sua Sponte Based Upon Her Failure to Allege Any Waiver of Sovereign Immunity.

Ms. Matagi's claims against the Federal Defendants should be dismissed sua sponte because she fails to identify any waiver of sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."[52] The plaintiff "bears the

---

[50] 28 U.S.C. § 1361 (emphasis added).

[51] *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) ("The operation of [28 U.S.C. § 2201] is procedural only. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." (citation modified)).

[52] *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *see also Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("In general, federal agencies . . . are . . . shielded by sovereign immunity.");

burden of proving that sovereign immunity has been waived."[53] The court can raise the issue of sovereign immunity sua sponte.[54]

Each of the Federal Defendants is entitled to sovereign immunity,[55] and Ms. Matagi's complaint is devoid of references to any waiver of sovereign immunity. Thus, she fails to carry her burden, and her claims against the Federal Defendants should be dismissed without prejudice sua sponte.[56]

---

[53] *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992).

[54] *Clymore v. United States*, 415 F.3d 1113, 1118 n.6 (10th Cir. 2005); *Villescas v. Abraham*, 311 F.3d 1253, 1256 n.3 (10th Cir. 2002).

[55] *Richards v. Ind. Dep't of Corrs.*, No. 3:22-CV-581-DRL-MGG, 2022 WL 2952814, at *1 (N.D. Ind. July 26, 2022) ("The U.S. Department of Treasury has sovereign immunity."); *Bright v. U.S. Dep't of Treasury Bureau of Fiscal Servs.*, No. 6:20-03381-CV-RK, 2021 WL 3084997, at *3-4 (W.D. Mo. July 21, 2021) (concluding that "sovereign immunity bars jurisdiction over [the plaintiff]'s claim[s] against [Bureau of Fiscal Services] for return of the offset [Social Security] benefits," "damages for violation of his due process rights," and for "injunctive or declaratory" relief); *Glenn v. Soc. Sec. Admin.*, 110 F. Supp. 3d 541, 542-43 (D.N.J. 2015) (stating that "[a]s an agency of the United States, the [Social Security Administration] enjoys sovereign immunity from suit absent consent," noting "a limited waiver" of that immunity in 42 U.S.C. § 405(g) for "suits challenging final decisions of the [Social Security Administration] in connection with [S]ocial [S]ecurity eligibility and benefits determinations," and noting that "42 U.S.C. § 405(g) contains no waiver of the [Social Security Administration]'s immunity from . . . tort allegations"); *Knight v. U.S. Sec. & Exch. Comm'n*, No. 09CV0015SJFARL, 2009 WL 10701807, at *3 (E.D.N.Y. Dec. 16, 2009) ("As an agency of the federal government, the [Securities and Exchange Commission is] . . . , absent waiver, shielded by the doctrine of sovereign immunity from suits seeking monetary damages."); *Snyder v. Lipuma*, No. CIV.A. 05-3819, 2006 WL 1303135, at *2 (D.N.J. Mar. 20, 2006) ("The [Internal Revenue Service] enjoys sovereign immunity as an agency of the United States unless that immunity has been waived by Congress." (citation modified)).

[56] *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. City of Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011) ("[A] dismissal on sovereign immunity grounds . . . must be without prejudice.").

### III. The Court Should Deny Ms. Matagi's Motions.

The court recommends denying Ms. Matagi's motions because she fails to establish entitlement to the forms of relief she has requested—namely, for the court to take judicial notice of certain documents, for entry of default and default judgment, and for a temporary restraining order. First, Ms. Matagi fails to show that the court should take judicial notice of any of the documents she has submitted. Fed. R. Evid. 201(b) allows a court to "judicially notice a fact that is not subject to reasonable dispute." Such facts are those that are "generally known within the trial court's territorial jurisdiction,"[57] or those that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[58] Ms. Matagi fails to demonstrate—or even argue—that the relevant documents satisfy either of those requirements. Further, even if she had demonstrated those requirements, she does not attempt to show how the documents are relevant to this case, which is fatal to her requests for judicial notice.[59] Accordingly, those requests should be denied.

Second, Ms. Matagi fails to demonstrate that she is entitled to entry of default or default judgment against any of the named Defendants. Ms. Matagi is not entitled to entry of default against any of the named Defendants because she has not filed anything indicating that she has served any of the named Defendants properly under Rule 4, which is a prerequisite for entry of

---

[57] Fed. R. Evid. 201(b)(1).

[58] Fed. R. Evid. 201(b)(2).

[59] *United States v. A & R Prods.*, No. 01-CV-0072 MV/WPL, 2014 WL 12787914, at *2 (D.N.M. Sept. 3, 2014) ("The [movants'] failure to explain the relevance of these documents to the issues at bar renders them inappropriate for judicial notice."); *Magnusson v. Ocwen Loan Servicing, LLC*, No. 2:14-CV-00161, 2014 WL 3881626, at *2 (D. Utah Aug. 7, 2014) ("Judicial notice applies only to documents that are relevant to the case currently before the court.").

14

default.[60] Without entry of default, she cannot obtain a default judgment.[61] Thus, Ms. Matagi's requests for entry of default and default judgment should be denied.

Finally, Ms. Matagi does not show that she is entitled to a temporary restraining order. The same elements apply to the issuance of either a temporary restraining order or a preliminary injunction.[62] To be entitled to either form of relief, the moving party must show: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the temporary restraining order or preliminary injunction issues; (3) that the threatened injury outweighs the harm that the temporary restraining order or preliminary injunction may cause the opposing party; and (4) that the temporary restraining order or preliminary injunction will not adversely affect the public interest.[63] Because injunctive relief "is an extraordinary remedy, the movant's right to relief must be clear and unequivocal."[64]

Ms. Matagi's first two requests for a temporary restraining order fail to address all of those required elements, and, therefore, her requests should be denied. In her first request, the only allegations going to those elements are that the Social Security Administration's "forced

---

[60] *Petersen v. Carbon Cnty.*, 156 F.3d 1244 (Table), 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998) ("As defendants have no duty to plead until properly served, entry of default prior to service is improper."); *Tanne v. Comm'r of Internal Revenue Serv.*, No. 2:15-CV-00296-RJS, 2016 WL 5173243, at *3 (D. Utah Sept. 21, 2016) ("The court may not enter default against a party that has not been properly served."); *Life Ins. Co. of N. Am. v. Jenkins-Dyer*, No. 08-CV-2129KHV, 2009 WL 297481, at *4 (D. Kan. Feb. 6, 2009) ("The party seeking entry of default must show that the party against whom default is sought has been properly served.").

[61] Fed. R. Civ. P. 55.

[62] *Thomas v. Carson*, 30 F. App'x 770, 772 (10th Cir. 2002); *Stuber v. Lucky's Auto Credit, LLC*, 478 F. Supp. 3d 1205, 1208 (D. Utah 2020).

[63] *Thomas*, 30 F. App'x at 772; *Stuber*, 478 F. Supp. 3d at 1208.

[64] *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (citation modified).

review would cause irreparable harm, both financially and medically, to [her] and trust beneficiaries" and that a temporary restraining order "is necessary to maintain the status quo and prevent further injury pending resolution of this case."[65] Her second request fares no better because the sole allegation that goes to the elements is that a temporary restraining order "is necessary to preserve trust assets, protect beneficiaries, and prevent ongoing harm during the pendency of this matter."[66]

In Ms. Matagi's third and final request, she acknowledges all of the elements, but fails to provide meaningful argument on any of them. In addressing the first element, she simply cites cases and certain statutes without presenting any argument.[67] As for the second element, she asserts that: the City of Orem "seized trust property"; the Social Security Administration "threatened to cut off benefits"; "[c]oercion and retaliation cause ongoing harm not compensable solely by damages"; and "[Ms. Matagi] and beneficiaries face irreparable harm if relief is denied, including loss of trust property and benefits."[68] Concerning the third element, she contends that "Plaintiff acted lawfully; Defendants retaliated" and that "[e]quity favors enjoining abuse under color of law."[69] On the final element, she maintains that a temporary restraining order "serves the public interest by preventing abuse of process and retaliation under color of law";[70] "[u]pholding defaults, trust law, and constitutional rights serves public interest"; and "[p]reventing official

---

[65] ECF No. 8 at 2-3 of 3.
[66] ECF No. 56 at 4 of 10.
[67] ECF No. 58 at 7 of 15.
[68] *Id.*
[69] *Id.*
[70] *Id.*

retaliation protects judicial integrity."[71] Those conclusory assertions are inadequate to demonstrate the required elements for obtaining the extraordinary remedy of injunctive relief.[72] Accordingly, the court should deny Ms. Matagi's requests for a temporary restraining order.

### RECOMMENDATION

For the reasons stated above, the court HEREBY RECOMMENDS:

1. The motions to dismiss filed by the California Defendants,[73] the UDCCC Defendants,[74] and the Orem Defendants[75] be GRANTED.

2. Ms. Matagi's claims against the California Defendants, the UDCCC Defendants, and the Orem Defendants be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

3. Ms. Matagi's claims against the Federal Defendants be DISMISSED WITHOUT PREJUDICE sua sponte based upon her failure to allege any waiver of sovereign immunity.

---

[71] *Id*. at 8 of 15.

[72] *Andrews v. Andrews*, 160 F. App'x 798, 799 (10th Cir. 2005) (recognizing that the right to injunctive relief must be clear and unequivocal and concluding that the plaintiffs' "rambling, vague, and conclusory submissions" did not satisfy that standard because it was "not possible to gauge in a meaningful way any one of" the elements for injunctive relief, "much less conclude with the requisite conviction that they collectively warrant the relief requested"); *Blango v. Thornburgh*, 942 F.2d 1487, 1493 (10th Cir. 1991) (concluding that the district court did not abuse its discretion in denying the petitioner's request for injunctive relief because the "[p]etitioner's arguments to the district court in support of his request" on all four elements "were merely conclusory reiterations of the requirements for an injunction couched in the form of declarative statements").

[73] ECF No. 77.

[74] ECF No. 100.

[75] ECF No. 113.

4.        Ms. Matagi's motions seeking judicial notice, entry of default and default judgment, and a temporary restraining order[76] all be DENIED.

**NOTICE TO PARTIES**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[77] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[78] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 11th day of February 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[76] ECF Nos. 8, 56, 58.

[77] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[78] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).